UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

JOHN BRIGGS,

    Plaintiff,                                CASE NO.

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.

_____/

### LIBERTY LIFE ASSURANCE COMPANY OF BOSTON'S NOTICE OF REMOVAL PURSUANT TO TITLE 28, U.S.C. SECTIONS 1331, 1332, 1441 AND 1446

**COMES NOW** the Defendant, **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON** (hereinafter "Liberty Life"), by and through its undersigned counsel, pursuant to the provisions of Title 28, U.S.C. §§1331, 1332, 1441 and 1446, and hereby provides notice of removal of the above-captioned action to the United States District Court of Florida, Southern District, Palm Beach Division, from the Circuit Court of Palm Beach County, Florida.  In support of its Notice of Removal, Liberty Life respectfully submits that:

    1.  On June 7, 2016, Liberty Life was served with a Complaint in the action captioned *John A. Briggs  v. Liberty Life Assurance Company of Boston*, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.   A true and correct copy of all process  and pleadings served upon Liberty Life are attached hereto as Exhibit "A."  To the best knowledge and belief of Liberty Life, no further proceedings have been had in the state court, other than the service of a request for production.

2. Plaintiff expressly references in the Complaint that this action is brought pursuant to a Group Disability Income Policy (number GF3-850-289424-01) issued to Wells Fargo & Company ("the Sponsor") to insure benefits under the Sponsor's Long Term Disability plan. *See Exh. A to Complaint.*

3. The Policy, which is attached to the Complaint, states on its face that "This policy is delivered in and governed by the laws of the governing jurisdiction and to the extent applicable by The Employee Retirement Income Security Act of 1974 (ERISA) and any subsequent amendments."

4. The Policy insures an employee welfare benefit plan, as that term is defined by ERISA, and was issued to the Plan Sponsor, not Plaintiff.

5. ERISA preempts any state law claims alleged in the state court and provides the exclusive federal remedy for resolution of claims by employee benefits plan participants and beneficiaries to recover benefits from such a plan. ERISA §§502(a)(2)(B) and 514, 29 U.S.C. §§1132(a)(1)(B) and 1144; *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502(a)(1) is removable to federal court under 28 U.S.C. §1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the complaint's face. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987).

6. Therefore, this Court has original and exclusive federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to the provision of 28 U.S.C. §1441(a) and (b).

7. This Notice of Removal is being filed within the time periods required by 28 U.S.C. § 1446(b).

8. Written notice of the filing of the Notice of Removal has been given to the adverse party as required by law.  28 U.S.C. §1446(d).

9. A true and correct copy of this Notice of Removal will be promptly filed with the Circuit Clerk of the Court in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida as provided by law.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished by electronic mail and U.S. Mail to: Kent Huffman, Esq., 515 N. Flagler Drive, Ste. 401, West Palm Beach, FL 33401, kent@hutchhufflaw.com, on this 7th day of July, 2016.

/s *Lee W. Marcus*

**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 967076
**MARCUS & MYERS, P.A.**
1515 Park Center Drive, Ste. 2G
Orlando, FL 32835
Phone: 407-447-2550
Fax:    407-447-2551
Email:  lmarcus@marcusmyerslaw.com
Counsel for Defendant